IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV274-03-MU

| | |
|---|---|
| LAWRENCE LEE ASH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>OFFICER HENDERSON; FEDERAL )<br>INFORMANT NATHAN ALEXANDER, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed June 18, 2010 (Document No. 1.),

In his Complaint Plaintiff alleges:

> There are wires, microphones, speakers, etc in the airvents to the cells. The STG officer Sgt. Henderson is 'playing' with these devices. After I picked up a piece of metal that a federal inmate dropped at PYI (polk Youth Institution), the STG Officers turned all these wires on in my cell. They tryed to electricute the same piece pf metal into my eyes while I was masturbating. The STG Sgt Henderson has recently started a) blowing into the end of my private area b) yelling into my cell with these wires speakers microphones c) using the same wires to try to stop up my nose d) using the same types of wires to keep tension on my upper lip e) putting the end of my private area in the inmates rear end d) talking into my cell about what I'm doing inside my cell. All this is a procedural area. Federal Informant Nathan Alexander presented himself as a car thief from Baltimore residing in Spring Lake, NC. And after I talked to this informant about a Tec 9 submarine gun, colt 45 pistol, and US Military Rocket Launcher I had, he turned out to be a Federal Informant Undercover. It is more then like Agent Nathan Alexander has been helping these Federal Agents pose as inmates. And being I picked said metal up out of the hallway that the federal Inmate dropped, the informant poses as inmates have been hiding all these transmitters. Another procedural area.

(Complaint at 3.)

1

The Court is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and may dismiss those cases or claims which do not pass frivolity review. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (dismissal appropriate where claim "lacks an arguable basis either in law or fact"); Neitzke v. Williams, 490 U.S. 319 (1989) (sua sponte dismissal appropriate where claim is based on a meritless legal theory). In other words, an action should be dismissed "if it does not allege enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted). In conducting this initial review, the Court is mindful of its obligation to liberally construe Plaintiff's allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve Plaintiff of his duty to assert a cognizable claim upon which the court can grant relief.

Indeed, notwithstanding the Court's obligation to liberally construe Plaintiff's obligations, the Court is well aware that it is not required "to ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). Nor is this Court required to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985), "to develop tangential claims from scant assertions in the complaint" Lowdermilk v. LaManna, 2009 WL 2601470 (D. S.C. 2009), or to "rewrite a petition" for the benefit of a plaintiff. Wise v. South Carolina Dept. Of Corr., 2006 WL 1879001 (D. S.C. July 6, 2006).

In addition, the Fourth Circuit has indicated that "whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented." See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997).

The Court has reviewed Plaintiff's Complaint and cannot make sense of Plaintiff's claim

2

against either Defendant.[1]  The Court is not required to "accept without question the truth of plaintiffs allegations." Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996).  Moreover, the Court has the authority to dismiss claims that are obviously "fantastic" or delusional." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).  Here, Plaintiff's claims are obviously "fantastic" and clearly "delusional."  Therefore, the Court will dismiss Plaintiff's Complaint.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**.

Signed: July 1, 2010

Graham C. Mullen
United States District Judge

---

[1] With respect to Federal Informahnt Nathan Alexander, the Court notes that such defendant is not a proper defendant to this case as he is not a state actor.